

Saiber
ATTORNEYS AT LAW

May 30, 2014

**VIA ECF and USMAIL**

Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re: *Dunkin' Donuts Franchising LLC, et al. v. C3Wain Inc., et al.*
       3:13-cv-6865-PGS-DEA – Greensphere, Inc. Discovery Dispute

Dear Magistrate Judge Arpert:

  This office represents Plaintiffs. The purpose of this letter is to bring a discovery dispute in the above-referenced matter to the Court's attention. Specifically, third-party subpoena recipient Greensphere, Inc. has refused to produce relevant documents related to Defendants.

  The underlying litigation arises from Defendants' interest in a competing frozen yogurt business, Red Mango Frozen Yogurt, located next door to their Baskin-Robbins franchise, which violates the in-term covenant against competition contained in Defendants' franchise agreements with Plaintiffs. Specifically, Defendant Moothedath Ramachandran, Jr., owner of the Baskin-Robbins franchise, has a personal interest in the competing frozen yogurt business operated by his wife, Raji Ramachandran. Raji Ramachandran operates the Red Mango through the corporate entity Greensphere, Inc. ("Greensphere").

  Plaintiffs served a subpoena for the production of documents on Greensphere on March 28, 2014. Among the requests in the subpoena, was a request for "any and all documents related to or referring to" Defendant Moothedath Ramachandran, Jr. and/or Defendant C3Wain, Inc. – the corporate entity through which Mr. Ramachandran operated his Baskin-Robbins franchise at issue. *See* Greensphere, Inc. Subpoena (attached as Exhibit 1) (Request Number 3).

  In an email dated April 22, 2014, counsel for Greensphere represented that it would object to the foregoing request on the grounds that it was "overbroad and not likely to lead to discoverable evidence." In an April 25, response to that email, counsel for Plaintiffs articulated the relevance of the request and clarified that the request did not intend to seek marital communications between Raji Ramachandran and Defendant Moothedath Ramachandran, Jr.

  In addition to providing explanation and clarification, counsel for Plaintiffs requested that counsel for Greensphere describe any "any specific reasons" behind their objection that the request "overbroad or irrelevant." *See* 4/22/2014 – 4/25/2014 Email chain between Justin L. Sallis (counsel for Plaintiffs) and Evan Gold M. Goldman and Justin M. Klein (counsel for Greensphere) (attached as Exhibit 2). During subsequent meet and confers, counsel for

Saiber LLC · 18 Columbia Turnpike · Suite 200 · Florham Park, New Jersey · 07932 · Tel 973.622.3333 · Fax 973.622.3349 · www.saiber.com

Florham Park   ·   Newark   ·   New York   ·   Atlantic City   ·   Point Pleasant Beach

Greensphere continued to raise concerns that the request was overbroad in that responsive documents may include personal communications between Raji and Moothedath Ramachandran Jr. This position is meritless. Plaintiffs have repeatedly assured counsel for Greensphere that they do not seek such documents. Plaintiffs have further clarified that Request Number 3 seeks documents in Greensphere's possession that relate Moothedath Ramachandran Jr.'s involvement with the Red Mango Frozen Yogurt franchise (*e.g.*, Greenshpere's Red Mango Freehold Raceway Mall lease, to which Mr. Ramachandran is believed to be a Guarantor; and all corporate documents reflecting Mr. Ramachandran's involvement with Greensphere Inc.).

In its Responses and Objections to the Subpoena, Greensphere Inc. indicated that it would not produce documents in response to Request number 3, based on a litany of boilerplate objections. *See* Greensphere Resps. and Objections to Subpoena (attached as Exhibit 3).

Greensphere's objections are unsupported. The Complaint in this matter alleges that Defendants have an interest in the Red Mango Frozen Yogurt business operated by Greensphere. To the extent that Greensphere is in possession of documents and/or communications that relate or refer to Defendant Moothedath Ramachandran Jr.'s involvement in Greensphere's Red Mango Frozen Yogurt shop, it is difficult to imagine how such documents would not be directly relevant to Plaintiffs' claims, let alone likely to lead to the discovery of relevant evidence. Indeed, Greensphere has failed to offer any non-relevant reasons why it would be in possession of documents related to, or referencing, Defendant Moothedath Ramachandran, Jr. If Greensphere was not in possession of any responsive documents it was free to indicate as much. Furthermore, Plaintiffs have provided further clarification of the request to Greensphere to mitigate concerns over the request's scope, and Greensphere has failed to describe how/why producing responsive documents would be burdensome.

Plaintiffs respectfully request that the Court schedule a telephonic conference to address this dispute, or permit Plaintiffs to file a formal motion to compel Defendants to produce documents responsive to Plaintiffs' subpoenas pursuant to Fed. R. Civ. P. 45(d)(2)(B) and L. Civ. R. 37.1.

Respectfully submitted,

/s/ Robert Nussbaum

Joan M. Schwab
Robert B. Nussbaum
Saiber LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07102
(973) 622-333 (telephone)
(973) 286-2465 (facsimile)
jms@saiber.com
rbn@saiber.com

David E. Worthen (Admitted *Pro Hac Vice*)
Justin L. Sallis (Admitted *Pro Hac Vice*)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
600 New Hampshire Avenue, NW
The Watergate - Suite 700
Washington, DC 20037
Telephone:    202.295.2200
Facsimile:    202.295.2250
david.worthen@gpmlaw.com
justin.sallis@gpmlaw.com

*Attorneys for Plaintiffs*

Attachments

cc:    Fredrick P. Niemann, Esq. (fniemann@hnlawfirm.com)
       Michael D. Prashad, Esq. (mprashad@hnlawfirm.com)
       Justin M. Klein, Esq. (justin@marksklein.com)
       Evan M. Goldman, Esq. (evan@marksklein.com)

# Exhibit 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| DUNKIN' DONUTS FRANCHISING LLC, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:13-cv-06865-PGS-DEA |
| C3WAIN INC., et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Greensphere, Inc. c/o Raji Ramachandran
10 Hemlock Court, Manalapan, New Jersey 07726

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See "Attachment A" attached hereto.

| Place: Robert B. Nussbaum, Esq.<br>Saiber LLC<br>18 Columbia Turnpike, Suite 200<br>Florham Park, New Jersey 07932 | Date and Time:<br>Monday, March 31, 2014 at 5:00 P.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/14/14

CLERK OF COURT

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Dunkin' Donuts Franchising LLC, et al., who issues or requests this subpoena, are:
Robert Nussbaum, Esq. of SAIBER LLC located at 18 Columbia Turnpike, Suite 200, Florham Park, New Jersey 07932
RNussbaum@saiber.com    Telephone: (973) 622-3333

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:13-cv-06865-PGS-DEA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Greensphere, Inc. c/o Raji Ramachandran
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

For January 1, 2012 to the present, produce the following documents reflecting any and all transactions between you, your institution, and any of its affiliates or subsidiaries and C3Wain, Inc. and/or Moothedath Ramachandran, Jr. (collectively, the "Subject Parties").

## DEFINITIONS

A.  The terms "document" shall include, without limitation, the complete original, any true, correct, and complete copy, any nonidentical copy, and all drafts, regardless of origin or location, of all tax filings, letters, complaints, contracts, agreements, memoranda, notes, correspondence, reports, charts, graphs, records, tape recordings, videotapes, invoices, receipts, books, periodicals, pamphlets, journals, ledgers, cash register tapes, guest checks, guest check logs, document or prechecker tapes, sales verification records, notebooks, telegrams, minutes, computer printouts, data sheets, data processing cards, business cards, intracorporate communications, photographs, lists, computerized records, emails, text messages, instant messages, and all other written, recorded, transcribed, taped, filmed, punched, or entered matter, however produced or reproduced, of which you have or had possession, custody, access, or control. "Document" includes all data, text, or information stored in a computer, laptop, computer disk, CD-ROM, personal digital assistant, cell phone, smart phone, tablet, social media account, or other similar location

B.  The terms "you" and "your" refer to Greensphere, Inc., and any of your employees, agents, or anyone acting on your behalf.

## DOCUMENTS COVERED BY THE SUBPOENA

1. Produce any and all documents that show the ownership interest of each current and former shareholder of Greensphere, Inc.;

2. Produce any and all documents that show the current and former officers or directors of Greesphere, Inc.;

3. Produce any and all documents related to or referring to the Subject Parties, including but not limited to Moothedath Ramachandran, Jr.; and

4. Produce a copy of your Franchise Agreement for the Freehold Raceway Red Mango, including any addenda or attachments thereto.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing subpoena issued to Greenshpere, Inc. c/o Raji Ramachandran has been furnished via email and U.S. First Class Mail to the following on this 14th day of March, 2014:

Fredrick P. Niemann, Esq.
HANLON NIEMANN, P.C.
3499 Route 9 North, 1-F
Freehold, NJ 07728
Telephone: (732) 863-9900
Facsimile: (732 431-2499

*Attorney for Defendants*

Joan M. Schwab
Robert B. Nussbaum
Saiber LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07102
(973) 622-333 (telephone)
(973) 286-2465 (facsimile)
jms@saiber.com
rbn@saiber.com

David E. Worthen (Admitted *Pro Hac Vice*)
Justin L. Sallis (Admitted *Pro Hac Vice*)[1]
GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
600 New Hampshire Avenue, NW
The Watergate - Suite 700
Washington, DC 20037
Telephone: 202.295.2200
Facsimile: 202.295.2250
david.worthen@gpmlaw.com
justin.sallis@gpmlaw.com

*Attorneys for Plaintiffs*

---

[1] Admitted in VA only; DC Bar application pending.

3

# Exhibit 2

**Sallis, Justin L.**

| | |
|---|---|
| **From:** | Sallis, Justin L. |
| **Sent:** | Friday, April 25, 2014 9:42 AM |
| **To:** | 'Evan Goldman'; 'Justin M. Klein (justin@marksklein.com)' |
| **Cc:** | Worthen David E |
| **Subject:** | RE: DUNKIN' DONUTS FRANCHISING LLC et al v. C3WAIN INC. et al |

Evan,

I will circulate a protective order shortly.

On a different note, there are two issues I'd like to raise:

1. We take exception to your objection concerning request number 3. Many of Dunkin's claims in this litigation arise from the allegation that the Defendants have an interest in the Red Mango frozen yogurt shop, for which Greensphere, Inc. is the franchisee. Request number 3 seeks documents in Greensphere, Inc.'s possession that are related to, or refer to the Defendants. That request is plainly relevant and reasonably calculated to lead to the discovery of admissible evidence. To the extent the request seeks responsive documents from Raji Ramachandran, in her capacity as an agent of Greensphere, Inc., the scope of the request, as it pertains to her, is obviously limited to that capacity. If you are aware of any specific reason why the request is overbroad or irrelevant, please bring it to our attention; we are happy to confer.

2. We will be noticing a Rule 30(b)(6) deposition of Greensphere, Inc. and the deposition of Raji Ramachandran in connection with this litigation. I assume Ms. Ramachandran will be the 30(b)(6) deponent, in which case we can combine the depositions to save time. If she will not be the deponent, please let me know as soon as possible. The deposition will take place at the offices of our local counsel, Saiber LLC, in Florham Park, New Jersey. Please let us know acceptable dates for a deposition during the weeks of May 12th and May 19th. The deposition should last no more than a half day.

I'm happy to speak with you about either of these topics at your earliest convenience. Please note that these issues must be addressed quickly, as the discovery deadline in the underlying litigation is quickly approaching.

Regards,
Justin

**From:** Evan Goldman [mailto:evan@marksklein.com]
**Sent:** Tuesday, April 22, 2014 3:57 PM
**To:** Sallis, Justin L.
**Cc:** Robert B. Nussbaum; Kenneth E. Sharperson; Joan M. Schwab; mprashad@hnlawfirm.com; Justin M. Klein
**Subject:** Re: DUNKIN' DONUTS FRANCHISING LLC et al v. C3WAIN INC. et al

Justin,

As you are aware, Marks & Klein, LLP has been retained to represent the interests of Raji Ramachandran and Greensphere, Inc. with regards to the above-referenced matter. To confirm our conversation, we will agree to turn over certain documents once a protective order is in place, which you have suggested you will circulate for

1

review. More specifically, with respect to the "Documents Covered by the Subpoena," my clients will turn over the following:

#s 1 & 2: Any and all responsive, non-privileged documents in our possession;
#3 - We will object on the basis that the request is overbroad and not likely to lead to discoverable evidence;
#4 - We cannot agree to turn over documents on account of the confidentiality provision in place. Should the Court enter any Order with respect to other parties, my clients would be willing to revisit the issue.

Please let me know if you have any questions.

**Evan M. Goldman, Esq.**

*2013 Chambers USA: America's Leading Lawyers for Business, Franchise.*

 Marks & Klein, LLP

63 Riverside Avenue Red Bank NJ 07701

Tel: 732.747.7100 Fax: 732.219.0625

Web: www.marksklein.com

New Jersey · New York · Chicago · Boca Raton

This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.

# Exhibit 3

**MARKS & KLEIN, LLP**
By:    Justin M. Klein
           Evan M. Goldman
63 Riverside Avenue
Red Bank, New Jersey 07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625
justin@marksklein.com
evan@marksklein.com
*Attorneys for Non-Party Greensphere, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISING, LLC, a Delaware limited liability company, DUNKIN DONUTS FRANCHISED RESTAURANTS LLC, a Delaware limited liability company, DD IP HOLDER LLC, a Delaware limited liability company, BASKIN ROBBINS FRANCHISING, LLC, Delaware limited liability company, and BR IP HOLDER LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>C3WAIN, INC., a New Jersey corporation, CWAIN, INC., a New Jersey corporation, and MOOTHEDATH RAMACHANDRAN, JR., a resident of the State of New Jersey,<br><br>Defendants. | Civil Action No. 3:13-cv-06865-PGS-DEA<br><br>**RESPONSES AND OBJECTIONS OF GREENSPHERE TO SUBPOENA FROM DUNKIN' DONUTS FRANCHISING, LLC, DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, BASKIN ROBBINS FRANCHISING LLC, and BR IP HOLDER LLC** |

Pursuant to Fed. R. Civ. P. 45(c)(2)(b) of the Federal Rules of Civil Procedure, Greensphere, Inc. c/o Raji Ramachandran ("Greensphere"), a non-party to this lawsuit, hereby objects on the following grounds to the Subpoena of Plaintiffs Dunkin' Donuts Franchising LLC, Dunkin Donuts Franchised Restaurants LLC, DD IP Holder LLC, Baskin Robbins Franchising

1

LLC, and BR IP Holder LLC (collectively, "Plaintiffs"), dated March 14, 2014, and directed to Greensphere.

## GENERAL OBJECTIONS

1. Greensphere objects to the Subpoena in their entirety to the extent they are overbroad and purport to impose obligations upon it that exceeds those set forth in Fed. R. Civ. P. 26, 34 and 45, the Local Rules of the United States District Court for the District of New Jersey, any Orders entered into this case, or any other statute, rule or order.

2. Greensphere objects to the Subpoena to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege, federal or state, or the extent that the Subpoena seeks documents that are otherwise immune from discovery. The inadvertent disclosure of any document subject to any privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed a waiver of any applicable privilege or protection. Greensphere expressly reserves the right to demand the return and/or destruction of any and all such privileged, protected, or immune documents or information inadvertently or accidentally produced by Greensphere in this action.

3. Greensphere objects to the Subpoena in their entirety to the extent they purport to require the production of documents that are not in its possession, custody or control.

4. No object or limitation, or lack thereof, or statement that Greensphere will produce documents made in these Responses and Objections constitute an admission as to the existence or nonexistence of documents or information by Greensphere.

5. Greensphere objects to the Subpoena in their entirety to the extent that they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

2

6.  Greensphere objects to the Subpoenas to the extent the enumerated categories of documents to be produced fail to describe documents sought with particularity or otherwise require speculation as to which documents or information are sought.

7.  Greensphere objects to the Subpoenas as unduly burdensome to the extent that they seek production of publicly available documents or information.

8.  Greensphere objects to the Subpoena because they seek production of documents or information from the parties or other sources, and Greensphere, a non-party, should not be put to the burden of producing such documents when Plaintiffs could more readily obtain these documents from the parties or other sources.

9.  Greensphere's responses are based on its good faith interpretation and understanding of the requests and are subject to correction for inadvertent errors or omissions.

10. Greensphere's objections as set forth herein are based upon information currently known to Greensphere. Greensphere reserves the right to amend, modify or supplement its Objections and Responses if new information is obtained.

11. Greensphere expressly incorporates these General Objections in its specific Responses to the requests as though fully set forth therein.

12. Greensphere reserves all of its rights, including the right to supplement, amend, or correct any of its Responses and Objections to the Subpoenas and its rights to object to the admissibility of any part of any document produced in response to the Subpoena or information contained in any such document.

Subject to and without waiver of its General Objections, Greensphere specifically responds to each category of documents requested as follows:

3

## OBJECTIONS and RESPONSES

### REQUEST NO. 1

Produce any and all documents that show the ownership interest of each current and former shareholder of Greensphere, Inc.

### OBJECTIONS AND RESPONSES TO REQUEST NO. 1

Greensphere incorporates by reference its General Objections as set forth above. Greensphere objects to this Request on the grounds that it seeks documents that are protected under attorney-client privileges and/or the attorney work-product doctrine. Greensphere further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing; it is not reasonably limited in time, scope or subject matter; it is vague, ambiguous and confusing; and calls for legal conclusions. Notwithstanding the foregoing, and without waiving said objections or any other general objections, Greensphere will produce documents to this Request in its possession, custody or control.

### REQUEST NO. 2

Produce any and all documents that show the current and former directors of Greensphere, Inc.

### OBJECTIONS AND RESPONSES TO REQUEST NO. 2

Greensphere incorporates by reference its General Objections as set forth above. Greensphere objects to this Request on the grounds that it seeks documents that are protected under attorney-client privileges and/or the attorney work-product doctrine. Greensphere further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing; it is not reasonably limited in time, scope or subject matter; it is vague, ambiguous and confusing; and calls for legal conclusions. Notwithstanding the foregoing, and without waiving

said objections or any other general objections, Greensphere will produce documents to this Request in its possession, custody or control.

### REQUEST NO. 3

Produce any and all documents related to or referring to the Subject Parties, including but not limited to Moothedath Ramachandran, Jr.

### OBJECTIONS AND RESPONSES TO REQUEST NO. 3

Greensphere incorporates by reference its General Objections as set forth above. Greensphere objects to this Request on the grounds that it seeks documents that are protected under attorney-client privileges and/or the attorney work-product doctrine. Greensphere further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing; it is not reasonably limited in time, scope or subject matter; and calls for legal conclusions. Furthermore, Greensphere further objects on the grounds that this Request is it is vague, ambiguous and confusing, as the terms "related to" or "referring to" are undefined and, even if they were defined, would be too broad and burdensome. Based on those objections, Greensphere will not produce documents responsive to this Request.

### REQUEST NO. 4

Produce a copy of your Franchise Agreement for the Freehold Raceway Red Mango, including any addenda or attachments thereto.

### OBJECTIONS AND RESPONSES TO REQUEST NO. 4

Greensphere incorporates by reference its General Objections as set forth above. Greensphere objects to this Request on the grounds that it seeks documents that are protected under attorney-client privileges and/or the attorney work-product doctrine. Greensphere further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and

harassing; it is not reasonably limited in time, scope or subject matter; it is vague, ambiguous and confusing; and calls for legal conclusions. Notwithstanding the foregoing, and without waiving said objections or any other general objections, Greensphere will produce documents to this Request in its possession, custody or control.

Dated May 27, 2014                                    **MARKS & KLEIN, LLP**

                                                            By: /s/ Justin M. Klein
                                                                   Justin M. Klein, Esq.
                                                                   Evan M. Goldman, Esq.
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732-747-7100
Fax: 732-219-0625
*Attorney for Non-Party Greensphere, Inc.*