**MARKS & KLEIN, LLP**

63 Riverside Avenue
Red Bank, NJ 07701
T: (732) 747-7100
F: (732) 219-0625

www.marksklein.com

**Justin M. Klein**
justin@marksklein.com
Admitted New Jersey and
New York

June 2, 2014

*VIA ELECTRONIC FILING*
*and FEDERAL EXPRESS*

Honorable Douglas E. Arpert
Clarkson S. Fisher Building
and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    **Dunkin Donuts Franchising, LLC, et al v. C3WAIN, Inc., et al**
              **Civil Action No.: 3:13-cv-06865-PGS-DEA**

Dear Judge Arpert:

      The undersigned and the law firm of Marks & Klein, LLP represent Non-Party Greensphere, Inc. ("Greensphere") with respect to a subpoena served on Greensphere in the above-referenced action dated March 14, 2014 ("Subpoena"). Please accept this correspondence in response to the letter, dated May 30, 2014, from Joan M. Schwab and Robert B. Nussbaum, on behalf of Dunkin' Donuts, to Your Honor (the "Dunkin' Letter").

      We apologize for burdening the Court with additional paper; however, we are compelled to respond to the Dunkin' Letter, which is an incomplete representation of the relevant procedural history concerning this matter. Specifically, the Dunkin' Letter fails to reference material communications between Justin Sallis, Esq., on behalf of Dunkin' Donuts, and Evan M. Goldman, Esq. of this office, which took place on May 30, 2014. During that telephone call, and as confirmed by email on that same day, Request No. 3 in the Subpoena "would include birth certificates, marriage licenses, photo books and the like, all of which have nothing to do with Dunkin's ability to prosecute its case." See Exhibit A, Email to Justin Sallis, dated May 30, 2014. The May 30, 2014 email was never responded to and, despite our efforts, Dunkin' refuses to narrowly tailor its request.

      For the record, Greensphere has provided responsive documents to each of the delineated requests in the Subpoena, except for Request No. 3, which, as drafted, is unduly burdensome on Greensphere and places on it the responsibility of sifting through countless documents to *potentially* find documents responsive to the Subpoena.

      Moreover, as Your Honor made clear during the April 23, 2014 conference call of the parties and non-parties, the subpoena power cannot be used by Dunkin' Donuts to discover documents that could be discovered from parties to the matter, such as here. Quite simply, any

Honorable Douglas E. Arpert
June 2, 2014
Page 2

relevant documents responsive to Request No. 3 can and likely were sought from Defendants in the matter. As this Court is aware, "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Havens v. Mar. Commc'ns/Land Mobile, LLC, Civil Action No. 11-cv-00993-KSH-CLW, 2014 U.S. Dist. LEXIS 68786 (D.N.J. May 20, 2014); see also FED. R. CIV. P. 45(d)(1). In short, Dunkin' Donuts has not done that here and, rather, is attempting to unnecessarily impose undue burden *and* expense on Greensphere.

For the reasons set forth in Greesphere's Responses and Objections, and for the reasons set forth herein, Greensphere respectfully requests that this Court quash Dunkin' Donuts' subpoena as to Request No. 3. Should Your Honor require a formal motion on the matter, we will adhere to that request.

Should Your Honor require any additional information please do not hesitate to contact me.

Very truly yours,

Justin M. Klein

cc:   Joan M. Schwab, Esq. (via ECF)
      Robert B. Nussbaum, Esq. (via ECF)
      Fred Niemann, Esq. (via ECF)
      David Worthen, Esq. (via electronic mail)
      Justin Sallis, Esq. (via electronic mail)
      Prashad Michael, Esq. (via electronic mail)
      Kenneth E. Sharperson, Esq. (via electronic mail)
      Greensphere, Inc. (via regular mail)

# EXHIBIT A



Evan Goldman <evan@marksklein.com>

# Dunkin' Donuts v. C3Wain
1 message

---

**Evan Goldman** <evan@marksklein.com>  Fri, May 30, 2014 at 10:18 AM
To: "Sallis, Justin L." <justin.sallis@gpmlaw.com>
Cc: Worthen David E <david.worthen@gpmlaw.com>, "Justin M. Klein" <justin@marksklein.com>

Justin,

Thank you for taking the time to speak a few moments ago. As I discussed, our position as to Request No. 3 is not going to change, as there is no doubt that the request is overbroad. For instance, and as written, Request No. 3 would include birth certificates, marriage licenses, photo books and the like, all of which have ***nothing*** to do with Dunkin's ability to prosecute its case.

As you know, the subpoena power is not intended to be used for fishing expeditions or, as is certainly the case here, to "discover" the evidence which you purport to base your case. Moreover, to the extent that you are seeking documents to which Mr. Ramachandran was a party, it was seem that he, too, would have the documents requested. As Judge Arpert made explicitly clear, Dunkin' cannot subpoena documents that could otherwise be obtained from a party to the action.

Finally, and as I stated, to the extent that Dunkin' makes an application to the District Court, and Greensphere or Ms. Ramachandran are required to respond, they will seek costs and fees associated with Dunkin's overbroad and unduly burdensome subpoena.

Please let me know if you have any additional questions.

_____

## Evan M. Goldman, Esq.

*2014 Chambers USA: America's Leading Lawyers for Business, Franchise.*



63 Riverside Avenue Red Bank NJ 07701

Tel: 732.747.7100 Fax: 732.219.0625

Web: www.marksklein.com

New Jersey · New York · Chicago · Boca Raton

_____

This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.